UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MEYER CORPORATION U.S.,

             Plaintiff,

    -against-

ALFAY DESIGNS, INC., et al.,

             Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**AMENDED MEMORANDUM & ORDER**
10-CV-3647 (CBA) (MDG)

AMON, Chief United States District Judge:

      Before the Court is Plaintiff Meyer Corporation's appeal of a $2500 sanction award imposed by Magistrate Judge Go at a hearing on October 20, 2011, as memorialized in a Minute Order dated October 27, 2011. (DE #50.) Plaintiff also appealed certain discovery rulings made by Magistrate Judge Go at the same hearing. At oral argument on January 20, 2011, the Court rejected plaintiff's challenges to Magistrate Judge Go's discovery rulings. The Court also denied plaintiff's unsupported motion to withdraw the reference of this case to Magistrate Judge Go. For the following reasons, the Court, having given due consideration to plaintiff's motion to set aside the sanction awards, now denies that motion.

      Magistrate Judge Go sanctioned plaintiff pursuant to Rule 37 of the Federal Rules of Procedure, which provides for the imposition of sanctions, including costs and attorney fees, for various discovery violations. "Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); see Kiobel v. Millson, 592 F.3d 78, 88 (2d Cir. 2010) (same). Magistrate judges are afforded "broad discretion" in determining whether discovery sanctions are appropriate. Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283-84

1

("Because [plaintiff's] appeal addresses a discovery sanctions issue, the Court applies a deferential standard of review.").

The sanction award at issue was imposed during a hearing on defendants' motion to compel plaintiff to respond to certain discovery requests. After granting defendants' motion in many respects and ordering plaintiff to provide additional discovery, Magistrate Judge Go determined that a sanction award was justified because "some of the discovery requests that [were] the subject of defendants' current motion to compel were previously addressed by this Court and plaintiff was ordered to respond." (DE #50 at 3.) For example, at an earlier hearing on July 29, 2011, Judge Go ordered plaintiff to produce billing invoices to support its claim for damages of approximately $2.2 million in legal fees and $400,000 in expenses incurred in connection with underlying litigations in California and New York. (DE#51-2 at 38-40.) Nearly three months later, at the October 20th hearing, defense counsel reported that he had "yet to see" a bill or invoice of these legal fees or expenses. (DE#51-9 at 25.) The Court ordered the plaintiff to provide an itemization all expenses claimed as quickly as possible, noting that plaintiff "should have done that quite some time ago." (Id. at 27.) In addition, the Court expressed frustration at the October 20th hearing that plaintiff articulated for the first time an objection to the scope of Defendants' Interrogatories 4 and 5, noting that such an objection should have been raised "conferences ago" when those same discovery requests were addressed by the Court and plaintiff agreed to respond. (DE # 51-9 at 16.)

Having reviewed the record, the Court finds that Magistrate Judge Go's decision to impose a modest sanction award of $2500 against plaintiff was not clearly erroneous.[1] Plaintiff failed to comply with the Court's direct order to produce certain documents. Moreover,

---

[1] Plaintiff does not contest the amount of the award as excessive, but contests only the Magistrate Judge's decision to impose any award at all.

Magistrate Judge Go's comments on the record at the October 20th hearing demonstrate that she also believed plaintiff counsel failed to reasonably interpret defendants' discovery requests and failed to adequately supplement its responses to other discovery requests.  Magistrate Judge Go was understandably frustrated at having to address the same discovery issues twice and it was well within her discretion to require plaintiff to reimburse defendants for at least some of the cost associated with bringing a second motion to compel plaintiff to respond to the same discovery request already addressed by the Court.   Accordingly, plaintiff's motion to set aside the sanction award is denied.

SO ORDERED.

Dated: Brooklyn, New York
        February 2, 2012

                      /s/
                      Carol Bagley Amon
                      Chief United States District Judge