```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
MEYER CORPORATION U.S.,

                          Plaintiff,
                                              ORDER
          - against -
                                              CV 2010 3647 (CBA)(MDG)
ALFAY DESIGNS, INC., et al.,

                          Defendants.
- - - - - - - - - - - - - - - - - - -X
```

By letter motion filed on August 6, 2012 (ct. doc. 85), defendants move to quash a subpoena served on former Meyer executive vice-president Norman Schoenfeld on March 30, 2012 and noticed to be held on August 14, 2012 in Austin, Texas. Defendants claim they were not given notice of the date and do not wish to be burdened by the time and expense of attending a deposition in Texas that is not likely to yield relevant information. Defendants also point to the fact that neither side identified Mr. Schoenfeld in initial disclosures or amended disclosures.

## DISCUSSION

Courts have held that parties generally do not have standing to object to subpoenas issued to non-party witnesses. See, e.g., Estate of Ungar v. Palestinian Authority, 332 Fed.Appx. 643, 645 (2d Cir. 2009) (quoting Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)). Even when counsel for one party also represents the non-party who received the subpoena, only the recipient non-party has

standing to object. See Schoolcraft v. City of New York, 2012 WL 2161596 at *11 (S.D.N.Y. June 14, 2012).

However, exceptions are made for parties who have a claim of "some personal right or privilege with regard to the documents sought." Federal Practice and Procedure § 2459 (3d ed. 2008); see also Ungar, 332 Fed.Appx. at 645 (movant had standing to challenge subpoena to itself and its attorneys because it claimed privilege in the material sought); GMA Accessories, Inc. v. Electric Wonderland, Inc., 2012 WL 1933558 at *4 (S.D.N.Y. May 22, 2012) (defendant lacked standing to challenge subpoena where it did not allege any privilege or privacy right).

Although defendants argue that they "clearly have a sufficient interest in the information sought," they do not claim any privilege or other personal right in their motion to quash. Ct. doc. 85 at 2. Rather, they complain that plaintiff's counsel did not confer with them sufficiently before scheduling the deposition and that the testimony sought will be irrelevant. Thus, defendants lack standing to bring this motion.

Defendants' reliance on the cases they cite to support their contention that they have a right to move to quash is misplaced. All the courts ruling on motions to quash first determined whether the party seeking to quash had a privilege or privacy interest at stake. See Ungar, 332 Fed.Appx. at 644-45 (first determining that the movant had standing because it asserted a privilege over the materials); First Indem. of America Ins. Co. v. Shinas, 2005 WL 3535069 at *3

(S.D.N.Y. Dec. 23, 2005) (denying motion to quash because the movant, like defendants in this case, did not have a privilege or privacy interest in the materials sought); Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D.Conn. 1993) (finding that "compliance with the subpoena might infringe on certain privacy rights, in that [plaintiff] would have easy access to [defendant]'s unrelated financial and business dealings"); In re Rule 45 Subpoena Issued to Cablevision Sys., 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (finding standing because the information sought potentially infringed upon the movant's First Amendment right to anonymous speech and privacy right); Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 432 (M.D.N.C. 2001) (no question of standing because the respondent sought to depose the movant's lead counsel).  The court in defendants' final case, GFL Advantage Fund, Ltd. v. Colkitt, 216 F.R.D 189 (D.D.C. 2003), does not address the question of standing, but rather, whether the recipient of a subpoena may seek a protective order from the trial court.  Id., 216 F.R.D. at 193-94.

Because defendants lack standing to bring their motion to quash, this Court does not address the merits of their arguments.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash is denied for lack of standing to bring the motion.  However, if plaintiff has not yet done so, it should confer with defendants to work out a mutually convenient time within the discovery deadline.

Last, defendants' request for sanctions is denied. <u>E.g.</u>, <u>Weinberger v. Kendrick</u>, 698 F.2d 61, 80-81 (2d Cir. 1982) (reversing sanctions of attorneys fees for subpoena where there was no record of "dragnet subpoenas" or "clear evidence that the [subpoenas] . . . are taken for reasons of harassment or delay or for other improper purposes) (internal citations omitted).

**SO ORDERED.**

Dated:    Brooklyn, New York
          August 14, 2012

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE