United States District Court
Eastern District of New York

**MEYER CORP. U.S. v. ALFAY DESIGNS, INC. ET ANO.**
**10-CV-3647 (CBA)**

## MINUTE ORDER

This Minute Order summarizes the rulings made on the record at a conference held on November 15, 2012 regarding defendants' [97] Motion to Compel. The motion is granted in part and denied in part.

1. <u>Deposition of Les Koenig</u>: It appears that there is no genuine dispute regarding the deposition of Mr. Koenig. Therefore the parties should schedule his deposition to take place as soon as he is healthy and available.

2. <u>Transcript of prior deposition of Mr. Sandberg</u>: Since the parties did not contest this Court's jurisdiction to address a discovery dispute pertaining to the subpoena on Mr. Sandberg, this Court will address the issue pertaining to Mr. Sandberg's deposition. In addition, plaintiff has provided representation for Mr. Sandberg and at issue is a document of which plaintiff's counsel was aware.

Plaintiff confirmed that it produced the transcript subsequent to the filing of defendants' motion. The only remaining issue is defendants' request for sanctions. The Court finds that sanctions are not warranted since, as plaintiff argues, the transcript of a prior deposition in a related California lawsuit of Mr. Sandberg is not clearly responsive to the document requests attached to the May 16, 2012 subpoena. Furthermore, disclosure of the transcript is not warranted by F.R.E. 612(a)(2) as a writing used to refresh a witness's recollection prior to testimony. There is no indication that "justice require the party to have [the document]," as mandated by the Rule. F.R.E. 612(a)(2); <u>see</u> <u>also</u> <u>Thomas v. Euro RSCG Life</u>, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) (ordering production where "it is in the interests of justice for defendants to be able to cross-examine plaintiff by having access to notes that

plaintiff admitted to reviewing"); Dunkin' Donuts Franchised Restuarants, LLC v. 1700 Church Ave. Corp., 07-CV-2446, at *2 (CBA) (MDG) (E.D.N.Y. 2008) ("production is only required if it is 'necessary in the interests of justice'") (citing cases).

However, defendants' request for leave to re-open the deposition of Mr. Sandberg is granted in the interest of truth finding. Examination must be limited to areas of inquiry pursued at the recent deposition of Mr. Sandberg about which the transcript of the California deposition contains relevant, previously undisclosed information.

3. Plaintiff's request to compel: Insofar as plaintiff's reference in its opposition to defendants's failure to produce stock certificates, certain documents and "hidden" e-mails is intended to a motion to compel, the request is denied.

4. Plaintiff's supplemental disclosures: The Court finds that defendants have been aware of Mr. Norman Schoenfeld at the latest since they moved to quash his deposition in Texas. As to Ms. Angela Culhane, she was an employee of a company that transacted business with defendants. Therefore the Court finds that the disclosures of these two persons were made "in a timely manner" pursuant to Rule 26(e) and that the timing did not cause defendants undue burden or surprise.

5. Discovery Deadline: Fact discovery is extended to 12/18/2012 to allow the parties to take the depositions of Mr. Koenig, Mr. Sandberg, Mr. Schoenfeld and Ms. Culhane, if they choose to do so. This Court will grant a further extension for the deposition of Mr. Koenig if he is not able by the deadline to appear at a deposition.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 19, 2012

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE